ESMAY FRYE STEVENSON, BY AND THROUGH HER GUARDIAN, SYLVIA FRYE LONG, PLAINTIFF v. C. WAYNE JOYNER AND WIFE, CAROL JEAN JOYNER, AND CATAWBA VALLEY BANK AND D. STEVE ROBBINS, TRUSTEE, DEFENDANTS

No. COA01-237

(Filed 2 January 2002)

**Appeal and Error— appealability—discovery order compelling answer to deposition questions—interlocutory order**

Although defendants appeal from a discovery order compelling them to answer questions proposed during a deposition by plaintiff in an action alleging claims including undue influence, fraud, and lack of mental capacity, the appeal is dismissed because the order is interlocutory and defendants have failed to demonstrate that a substantial right will be affected.

Appeal by defendants from order entered 29 November 2000 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 5 December 2001.

*Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by E. Fielding Clark, II and Forrest A. Ferrell, for plaintiff-appellee.*

*Wyatt, Early, Harris & Wheeler, L.L.P., by William E. Wheeler, for defendant-appellants.*

HUDSON, Judge.

C. Wayne Joyner and his wife, Carol Jean Joyner, ("defendants") appeal an order compelling defendants to answer questions proposed during a deposition by plaintiff. This order is interlocutory and defendants have failed to demonstrate that a substantial right will be affected should they not be given the immediate right to appeal from this order. We dismiss this appeal.

STEVENSON v. JOYNER

[148 N.C. App. 261 (2002)]

The pertinent procedural history is as follows. Plaintiff, Sylvia Frye Long, filed an action in the Superior Court of Catawba County, as the guardian of her aunt, Esmay Frye Stevenson, on 20 July 2000. In her complaint, plaintiff alleges a number of causes of action including undue influence, fraud, and Esmay Frye Stevenson's lack of mental capacity against defendants C. Wayne Joyner and his wife, Carol Jean Joyner, Catawba Valley Bank, and D. Steve Robbins. During the course of plaintiff's deposition of C. Wayne Joyner, plaintiff's counsel asked Mr. Joyner questions concerning work with which his counsel had assisted him. Mr. Joyner's counsel instructed him not to answer based on an invasion of his attorney-client privilege, and he did not answer. On 25 October 2000, plaintiff filed a motion to compel Mr. Joyner to answer the questions presented at the deposition. On 29 November 2000, Judge Timothy S. Kincaid ordered Mr. Joyner to answer the questions. Defendants appeal this order.

Plaintiff filed a "Motion to Dismiss Appeal as Interlocutory and Not Affecting a Substantial Right" addressing the propriety of raising this issue on appeal and its interlocutory nature. "Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citations omitted). "The policy behind this rule is to avoid fragmentary, premature and unnecessary appeals by allowing the trial court to completely and finally adjudicate the case before the appellate courts review it." *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600 (1999) (internal quotation marks omitted), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (2000).

In general, there is no right to appeal from an interlocutory order. *See, e.g. Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). However, a party may appeal an interlocutory order "where the order represents a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal," or "where delaying the appeal will irreparably impair a substantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999) (internal quotation marks omitted); *see* N.C. Gen. Stat. §§ 1A-1, Rule 54(b), 1-277, 7A-27(d) (1999). "In either instance, the burden is on the appellant 'to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those

grounds.' " *Romig*, 132 N.C. App. at 685, 513 S.E.2d at 600 (quoting *Jeffreys*, 115 N.C. App at 379, 444 S.E.2d at 253).

North Carolina Rule of Appellate Procedure 28(b) has been amended effective 31 October 2001 to add a new subsection, 28(b)(4), which requires that the brief contain "a statement of the grounds for appellate review" and when an appeal is interlocutory, "the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." This amendment does not apply to briefs, as in this case, filed before the effective date.

Generally, appellate courts do not review discovery orders because of their interlocutory nature. *See Romig*, 132 N.C. App. at 685, 513 S.E.2d at 600. However, our Courts have recognized a narrow exception to this rule when a discovery order includes a finding of contempt or certain other sanctions. *See id*; *Woody v. Thomasville Upholstery Inc.*, 146 N.C. App. ——, 552 S.E.2d 202 (2001) (holding that a discovery order in workers' compensation case was not immediately appealable because there was no finding of contempt and no sanctions had been imposed); *Willis v. Power Co.*, 291 N.C. 19, 229 S.E.2d 191 (1976) (holding that a contempt order entered against defendant for not complying with discovery requirements was immediately appealable); *but cf. Sharpe v. Worland*, 351 N.C. 159, 522 S.E.2d 577 (1999) (holding that a trial court's order compelling the disclosure of documents subject to an absolute statutory privilege affected a substantial right and was, thus, immediately appealable), *disc. rev. denied*, 352 N.C. 150, 544 S.E.2d 228 (2000). No such order was entered in this case. The trial court's order only compelled Mr. Joyner to answer the questions posed during the deposition; it did not assess sanctions or find defendant in contempt.

In their "Response to Plaintiff/Appellee's Motion to Dismiss Appeal," defendants have argued to this Court that the discovery order impairs a substantial right. *See Sharpe*, 351 N.C. at 163-65, 522 S.E.2d at 580-81; *Romig*, 132 N.C. App. at 686, 513 S.E.2d at 600. They base this argument on this Court's opinion in *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 541 S.E.2d 782, *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001). In *Evans*, plaintiff requested information and documents from defendant during discovery, that defendant deemed excluded from discovery as work product and protected by attorney-client privilege. The trial court reviewed the questionable documents *in camera*, ordered that some of the documents should be produced, and found that others were protected "by the attorney

client privilege and/or are matters prepared in anticipation of litigation." *Id.* at 23, 541 S.E.2d at 785 (internal quotation marks omitted). Both parties appealed the trial court's decision. This Court determined that the appeal should proceed, even though appeals from discovery orders generally are interlocutory. *See Romig*, 132 N.C. App. at 685, 513 S.E.2d at 600. This Court noted the extent and import of the materials at issue, and decided that the trial court's order "affects a substantial right." *Evans*, 142 N.C. App. at 24, 541 S.E.2d at 786. Defendants in this case urge us to apply *Evans* to find that we should hear their appeal, because it affects a substantial right. We believe this Court's holding in *Evans* is distinguishable and we decline to read it as defendants urge.

We reach this conclusion based on important differences between *Evans* and the case at issue. In *Evans*, defendant was asked to turn over an enormous amount of information about the internal processes and practices of defendant-company. This material included documents alleged to be protected under both the attorney-client privilege and work-product doctrine. Here, the discovery at issue consists of only a few questions posed during a deposition, which defendants' counsel instructed Mr. Joyner not to answer. From the record before us, it appears that defendants never presented their deposition answers to the judge *in camera* or under seal for a determination of the application of the privilege to the information. Defendants bear the burden of showing that this information sought was protected by attorney-client privilege, but our record is insufficient to determine whether that burden has been carried by defendants. *See id.* at 32, 541 S.E.2d at 791 (noting that "[t]he burden of establishing the attorney-client privilege rests upon the claimant of the privilege"). We do not read *Evans* as opening the door to appellate review of every contested discovery order in which attorney-client privilege is simply asserted, without more. A substantial right has not been shown to be at issue here, and we dismiss defendant's appeal as interlocutory.

"Motion to Dismiss Appeal as Interlocutory and Not Affecting a Substantial Right" is granted.

Appeal dismissed.

Judges TIMMONS-GOODSON and TYSON concur.