IN THE MATTER OF THE WILL OF CHARLES RICHARD JOHNSTON, Deceased

No. COA02-452

(Filed 15 April 2003)

**Appeal and Error— appealability—interlocutory order— denial of motion to compel—denial of discovery matters**

Caveators' appeal from an order of the trial court denying their motion to compel testimony and granting a motion filed by a propounder to quash the subpoena of an attorney during discovery in a will caveat proceeding is dismissed as an appeal from an interlocutory order, because: (1) although the trial court attempted to certify the appeal under N.C.G.S. § 1A-1, Rule 54(b),

an order denying a motion to compel is not a final judgment and therefore certification was inappropriate; and (2) caveators failed to show that the information sought during discovery was so crucial to the outcome of the case that it would deprive them of a substantial right and thus justify an immediate appeal.

Judge TYSON dissenting.

Appeal by caveators from order entered 17 January 2002 by Judge Paul L. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 22 January 2003.

*Shipman & Hodges, L.L.P., by Gary K. Shipman and William G. Wright, for caveator appellants.*

*Hogue Hill Jones Nash & Lynch, LLP, by David A. Nash, for propounder appellee.*

TIMMONS-GOODSON, Judge.

Charles Richard Johnston, Jr., Jennifer J. Mangan, and Lorie J. McCabe (collectively, "caveators") appeal from an order of the trial court denying their motion to compel testimony and granting a motion filed by Constance Sophia Johnston ("propounder") to quash the subpoena of attorney George Rountree, III, ("Rountree") during discovery in a will caveat proceeding. For the reasons stated herein, we dismiss the appeal.

The pertinent factual and procedural history of the instant appeal is as follows: Charles Richard Johnston ("decedent") died on 16 November 2000. On 7 December 2000, propounder, the second wife of decedent, submitted to probate a purported last will and testament of decedent dated 17 November 1993 ("1993 will"). The 1993 will bequeathed all tangible personal property to propounder.

On 20 June 2001, caveators, the natural children of decedent by his first wife, filed a caveat to the 1993 will, asserting that decedent lacked the mental capacity to execute the 1993 will, or alternatively, that propounder procured the 1993 will through undue influence. During discovery of the matter, caveators attempted to depose Rountree, decedent's personal and professional attorney from the 1970s until his discharge in 1992. During the course of the deposition, caveators sought information concerning Rountree's discharge as counsel, as well as information about prior wills prepared by Rountree and executed by decedent. Rountree, however, declined to

answer these questions unless ordered by the court, on the grounds that such information was protected under the work product doctrine and by attorney-client privilege.

On 6 December 2001, caveators filed a motion to compel Rountree to answer questions regarding: (1) the discharge of Rountree as legal counsel; (2) observations by Rountree of decedent's health during the time Rountree represented him; (3) conversations regarding decedent's relationship with propounder; (4) conversations concerning decedent's testamentary intent and his desire for a successor as chief executive officer of his company; and (5) wills and powers of attorney drafted by Rountree for decedent prior to the execution of the 1993 will. On 4 January 2002, propounder filed a motion to quash caveators' subpoena of Rountree.

Both motions came before the trial court on 7 January 2002, at which time the trial court heard arguments by counsel, reviewed the file and memoranda of law, and conducted an *in camera* interview of Rountree. The trial court thereafter entered an order denying the motion to compel and quashing the subpoena of Rountree. From this order, caveators appeal.

---

Caveators contend that the trial court erred in denying the motion to compel the testimony of Rountree and in quashing the subpoena. We conclude that caveators' appeal is interlocutory and does not affect a substantial right. We therefore dismiss the appeal.

Interlocutory orders and judgments are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999); *accord Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Generally, there is no right of immediate appeal from interlocutory orders and judgments. *See Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990); *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.

Immediate appeal of interlocutory orders and judgments is available, however, in two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2001); *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999). The trial court may not, however, by certification, render its decree immedi-

ately appealable if it is not a final judgment. *See Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579; *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979) (stating that, merely because "the trial court declared [its decree] to be a final, declaratory judgment does not make it so"). In the instant case, although the trial court attempted to certify the appeal pursuant to Rule 54(b), an order denying a motion to compel is clearly not a "final judgment" and certification was therefore inappropriate. *See Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 23, 541 S.E.2d 782, 786, *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001); *Anderson v. Atlantic Casualty Ins. Co.*, 134 N.C. App. 724, 726-27, 518 S.E.2d 786, 788 (1999); *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 248, 507 S.E.2d 56, 61 (1998).

A second available avenue for immediate appeal from an interlocutory order or judgment exists where such order affects a "substantial right." *See* N.C. Gen. Stat. §§ 1-277(a), 7A-27(d)(1) (2001); *Bowden v. Latta*, 337 N.C. 794, 796, 448 S.E.2d 503, 505 (1994). An interlocutory order affects a substantial right if the order "deprive[s] the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." *Cook v. Bankers Life and Casualty Co.*, 329 N.C. 488, 491, 406 S.E.2d 848, 850 (1991). The determination of whether an interlocutory order affects a substantial right requires application of a two-part test. *See Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579. First, the order must affect a right that is "substantial." *See Norris v. Sattler*, 139 N.C. App. 409, 411, 533 S.E.2d 483, 485 (2000). Second, deprivation of the substantial right must potentially work injury if not corrected before an appeal from final judgment. *See Sharpe*, 351 N.C. at 162, 522 S.E.2d at 579; *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736.

An order regarding discovery matters is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment. *Sharpe*, 351 N.C. at 163, 522 S.E.2d at 579; *Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 685, 513 S.E.2d 598, 600 (1999), *affirmed per curiam*, 351 N.C. 349, 524 S.E.2d 804 (2000); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554, 353 S.E.2d 425, 426 (1987). Moreover, it is well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion. *Belcher v. Averette*, 152 N.C. App. 452, 455, 568 S.E.2d 630, 633 (2002); *Evans*, 142 N.C. App. at 27, 541 S.E.2d at 788.

IN RE WILL OF JOHNSTON

[157 N.C. App. 258 (2003)]

An order denying discovery may be immediately appealable if the "desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly material to a determination of the critical question to be resolved in the case." *Dworsky v. Insurance Co.*, 49 N.C. App. 446, 447-48, 271 S.E.2d 522, 523 (1980). "[A] mere statement that an examination is material and necessary is not sufficient to support a production order." *Stanback v. Stanback*, 287 N.C. 448, 461, 215 S.E.2d 30, 39 (1975).

In the case *sub judice*, caveators argue that the information they seek from Rountree is highly relevant to critical issues surrounding decedent's mental state and the exertion of any undue influence upon decedent by propounder in the execution of the 1993 will. The evidence tends to show, however, that Rountree was discharged as decedent's counsel in 1992 and thereafter had no contact with decedent. Decedent did not draft the will at issue in the immediate proceeding until 1993, and did not die until 2000. Caveators have failed to demonstrate that Rountree possesses "highly material" information concerning decedent's health or his relationship with his wife at the time of the drafting of the 1993 will.

Further, there is no evidence in the record reflecting the substance of the trial court's *in camera* interview with Rountree. Caveators did not request that the trial court make findings concerning its interview, nor was the trial court required to do so. *See Evans*, 142 N.C. App. at 27, 541 S.E.2d at 788. Caveators did not seek to have the substance of the *in camera* interview placed under seal for consideration by this Court. Where no findings appear in the record, "we may presume that the trial court . . . recognized the absence of relevancy and materiality of the information [sought to be discovered]." *Rowe v. Rowe*, 74 N.C. App. 54, 60, 327 S.E.2d 624, 627, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 489 (1985). Absent evidence in the record, we cannot determine whether or not any information possessed by Rountree was highly material to caveators' case or otherwise immune from discovery. *See N.C. Farm Bureau Mutual Ins. Co. v. Wingler*, 110 N.C. App. 397, 401, 429 S.E.2d 759, 762, *disc. review denied*, 334 N.C. 434, 433 S.E.2d 177 (1993). "We must therefore conclude that [caveators] have not shown that the information sought is so crucial to the outcome of this case that it would deprive them of a substantial right and thus justify an immediate appeal." *Dworsky*, 49 N.C. App. at 448, 271 S.E.2d at 524.

**IN RE WILL OF JOHNSTON**

[157 N.C. App. 258 (2003)]

Because caveators have not carried their burden of showing that the information they sought was highly material, we conclude that the instant appeal is interlocutory and does not affect a substantial right. *See Stevenson v. Joyner*, 148 N.C. App. 261, 264, 558 S.E.2d 215, 218 (2002) (dismissing as interlocutory an appeal from an order compelling discovery of documents where appellants failed to carry their burden of showing that the material was protected by attorney-client privilege and the work product doctrine); *Romig*, 132 N.C. App. at 686, 513 S.E.2d at 601-02 (dismissing as interlocutory an appeal from an order compelling discovery, although the information ordered to be disclosed was confidential); *N.C. Farm Bureau Mutual Ins. Co.*, 110 N.C. App. at 401-02, 429 S.E.2d at 762 (dismissing as interlocutory an appeal from the denial of a motion to compel); *Brown v. Brown*, 77 N.C. App. 206, 208, 334 S.E.2d 506, 508 (1985) (concluding that no substantial right was affected by an order denying a motion to compel discovery, even where waste and encumbrance of the plaintiff's property might ensue absent immediate appeal), *disc. review denied*, 315 N.C. 389, 338 S.E.2d 878 (1986). The instant appeal is therefore

Dismissed.

Judge LEVINSON concurs.

Judge TYSON dissents.

TYSON, Judge, dissenting.

I respectfully dissent from the majority opinion which dismisses this appeal as interlocutory. I find that the order affects a substantial right, was certified as immediately appealable, and is not interlocutory.

### I. Interlocutory

The majority's opinion finds that the trial court did not state its reason for denying the motion to compel and states "Where no findings appear in the record, 'we may presume that the trial court . . . recognized the absence of relevancy and materiality of the information [sought to be discovered].' " Neither party argues that the motion to compel should be denied because of "relevancy" or "materiality." The basis of both arguments before the trial court was the applicability of the attorney-client privilege even when highly relevant and material information is sought through discovery. I would find that

**IN RE WILL OF JOHNSTON**

[157 N.C. App. 258 (2003)]

the trial court followed the arguments of counsel and decided the case based on the attorney-client privilege. This Court should not "presume that the trial court . . . recognized the absence of relevancy and materiality."

"[W]hen, . . ., a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under sections 1-277(a) and 7A-27(d)(1)." *Sharpe v. Worland*, 351 N.C. 159, 166, 522 S.E.2d 577, 581 (1999). In *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 541 S.E.2d 782 (2001), this Court applied the reasoning of *Sharpe* to the assertion of the attorney-client privilege. 142 N.C. App. at 24, 541 S.E.2d at 786. I would apply that reasoning here.

Here, the trial court certified the case for immediate appeal pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1). While not binding on our Court, a certification by the trial court is "accorded great deference." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998).

I would hold that when the attorney-client privilege is asserted, the assertion is not otherwise frivolous or insubstantial, and the trial court has certified the issue, the challenged order affects a substantial right and is immediately appealable. I address the merits of the appeal.

## II. Issues

Caveators contend that the trial court erred in denying the motion to compel the testimony of Rountree and quashing the subpoena and argue that the testimony (1) falls within the testamentary exception to the attorney-client privilege and (2) does not concern confidential communications.

## III. Testamentary Exception

"[I]t is well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion." *Evans*, 142 N.C. App. at 27, 541 S.E.2d at 788. A trial court abuses its discretion when it bases its decision on an error of law.

At oral argument, caveators limited the scope of discovery to questions of Mr. Rountree regarding conversations at or near the time

of the termination of the legal relationship between Mr. Rountree and the decedent. These questions are highly "relevant" and "material" to the issue of propounder's alleged undue influence over the decedent. The evidence shows that propounder took decedent to a new attorney who drafted the will at issue. That new will contains provisions markedly more favorable to propounder and inconsistent with multiple prior wills drawn by Mr. Rountree, decedent's long-time personal and business attorney. Caveators stated they no longer sought conversations surrounding the creation of the prior wills. The prior wills prepared by Mr. Rountree were provided to caveators, speak for themselves, and are admissible at trial. *In re Will of Hall*, 252 N.C. 70, 113 S.E.2d 1 (1960).

The United States Supreme Court has recognized that "[t]he attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States*, 524 U.S. 399, 403, 141 L. Ed. 2d 379, 384 (1998). The attorney-client privilege survives not only the end of the legal relationship between the attorney and his client but also the death of his client. *Id.* However, long recognized exceptions exist to the survival of the privilege after death. One such exception is the "testamentary exception." *Id.* at 404, 141 L. Ed. 2d at 385.

The testamentary exception was recognized by the United States Supreme Court in *Glover v. Patten*, 165 U.S. 394, 41 L. Ed. 760 (1897). In *Glover*, the Court held:

[I]n a suit between devisees under a will, statements made by the deceased to counsel respecting the execution of the will, or other similar document, are not privileged. While such communications might be privileged, if offered by third persons to establish claims against an estate, they are not within the reason of the rule requiring their exclusion, when the contest is between the heirs or next of kin.

165 U.S. at 406, 41 L. Ed. at 767. The Supreme Court cited an earlier case which held that "a solicitor, by whom the will was drawn, should be allowed to testify what was said by the testator contemporaneously upon the subject." *Id.* at 407, 41 L. Ed. at 767 (citing *Russell v. Jackson*, 9 Hare 387, 392).

The Supreme Court restated the holding of *Glover* in *Swidler & Berlin* by explaining that "testamentary disclosure was permissible because the privilege, which normally protects the client's interests,

could be impliedly waived in order to fulfill the client's testamentary intent." *Swidler & Berlin,* 524 U.S. at 405, 141 L. Ed. 2d at 385. The American Bar Association ("ABA") long ago stated "where the controversy is between claimants to the estate, both parties claiming as successors to the deceased client, neither can set up a claim of privilege against the other." ABA Comm. on Professional Ethics and Grievances, Formal Op. 91 (8 March 1933).

North Carolina has recognized the testamentary exception to the common law rule that the attorney-client privilege survives the death of the client. In *In re Will of Kemp,* 236 N.C. 680, 73 S.E.2d 906 (1953), our Supreme Court stated:

> "it is generally considered that the rule of privilege does not apply in litigation, after the client's death, between parties, all of whom claim under the client; and so, where the controversy is to determine who shall take by succession the property of a deceased person and both parties claim under him, neither can set up a claim of privilege against the other as regards the communications of deceased with his attorney."

236 N.C. at 684, 73 S.E.2d at 910 (quoting 70 C.J., Witnesses, § 587). In R.P.C. 206 (14 April 1995), the ABA ethics committee restated the reasons for the testamentary exception: "It is assumed that a client impliedly authorized the release of confidential information . . . in order that the estate might be properly and thoroughly administered."

Previous cases have allowed the testamentary exception only to the attorney who drafted the will propounded concerning confidential communications about the will. See e.g., *In re Will of Kemp,* supra.; RPC 206 (14 April 1995). Precedent recognizes that the testamentary exception may extend beyond the will in probate to "other similar document[s]." *Glover,* 165 U.S. at 406, 41 L. Ed. at 767.

This caveat proceeding is limited to heirs and next of kin, all of whom claim through the decedent. The exception exists to ensure decedent's estate is "properly and thoroughly administered." RPC 206 (14 April 1995). None of the heirs is able to assert the privilege against the other.

### IV. Other Confidential Communications

Although the heirs of the decedent may not assert the decedent's privilege against each other, propounder, as well as decedent's cor-

poration, were also clients of Mr. Rountree. Both the propounder and the corporation may waive or assert the attorney-client privilege regarding any confidential communications between them and Mr. Rountree. Caveators are free to question Mr. Rountree regarding his conversations with the decedent which occurred outside of or after termination of the attorney-client relationship.

## V. Conclusion

The trial court did not state any other reason, such as "relevancy" or "materiality," to support its denial of the motion to compel and to quash Mr. Rountree's subpoena. The trial court erred by denying the motion to compel and quashing the subpoena based on the propounder's assertion of decedent's attorney-client privilege. I would reverse and remand the case to the trial court for further proceedings. I respectfully dissent.