THE NORTH CAROLINA STATE BOARD OF DENTAL EXAMINERS, Plaintiff v.
E. JEAN WOODS, D.D.S., Defendant

No. COA09-341

(Filed 19 January 2010)

**1. Appeal and Error— interlocutory order—discovery denied—no proceeding filed—no substantial right affected**

No substantial right was affected, and defendant's appeal was dismissed as from an interlocutory order, where the trial court quashed notices of deposition and subpoenas defendant had served upon the Dental Board while it was investigating defendant's conduct as a dentist. The applicable statute governing disciplinary proceedings for dentists does not permit a defendant to engage in discovery until a Notice of Hearing is filed. Defendant cannot create an action in which to conduct discovery by filing motions in superior court.

2. **Appeal and Error— interlocutory order—discovery— patient files—substantial right**

A dentist's appeal from an order granting the Dental Board's motion to enforce subpoenas for her patient records affected a substantial right and was subject to immediate appellate review where she asserted a statutory privilege under the Health Insurance Portability and Accountability Act (HIPAA). Arguments on appeal not grounded in HIPAA were dismissed.

3. **Dentists— disciplinary investigation—patient records— HIPAA—release not prohibited**

The Health Insurance Portability and Accountability Act (HIPAA) did not prohibit release of patient records by a dentist to the Dental Board, a health oversight agency that requested the records as part of a disciplinary investigation.

Appeal by defendant from orders filed 2 January 2009 by Judge Narley Cashwell in Wake County Superior Court. Heard in the Court of Appeals 30 September 2009.

*Carolin Bakewell, for petitioner-appellee.*

*Michaux & Michaux, P.A., by Eric C. Michaux, for defendant-appellant.*

STEELMAN, Judge.

Appellant has failed to demonstrate that the trial court's order quashing her notices of deposition and subpoenas affected a substantial right, and the appeal of that order is dismissed. Appellant's assertion of privilege pursuant to HIPAA does affect a substantial right and is subject to immediate appellate review. The subpoenas of the Dental Board for patient records pursuant to a disciplinary investigation are permitted pursuant to HIPAA Regulations, under the provisions of 45 C.F.R. § 164.512(d).

## I. Factual and Procedural Background

In November 2007, the North Carolina State Board of Dental Examiners (Dental Board) received a complaint concerning treatment provided by Dr. E. Jean Woods (Woods), to a minor child. Subsequently, the Dental Board received a complaint from an individual claiming that Woods "couldn't stop using drugs." When a complaint is received, the Dental Board goes through a two-step process:

(1) conduct a investigation to see if there is validity to the complaint, and (2) if the complaint is found to be valid, conduct a disciplinary hearing. The two complaints against Woods were combined and assigned to an Investigative Panel of the Dental Board. The Investigative Panel conducted a pharmacy audit, which raised questions concerning whether Woods prescribed controlled substances in excessive amounts and whether she prescribed medication to treat conditions outside the scope of the practice of dentistry.

On 2 April 2008, the Dental Board issued a subpoena pursuant to N.C. Gen. Stat. § 90-27 directing Woods to produce twenty patient records. On 24 April 2008, Woods filed a motion in superior court pursuant to Rule 45(c) of the North Carolina Rules of Civil Procedure to quash the subpoena. On 8 May 2008, the trial court denied the motion. On 12 May 2008, Woods filed the same motion to quash the subpoena with the Dental Board. On 25 June 2008, the Dental Board denied the motion.

On 25 July 2008, Woods filed a Petition for a Contested Case Hearing in the Office of Administrative Hearings (OAH) asserting that the Dental Board's denial of her motion to quash the subpoena substantially prejudiced her rights, failed to use the proper procedures, and failed to act as required by law. She contended that her patients' records were private, and the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d *et seq.*, prohibited their disclosure. On 31 July 2008, OAH filed a "Notice of Contested Case and Assignment." On 4 August 2008, the Dental Board moved to dismiss Woods' petition because the matter was still in the investigative stage, no formal proceeding was pending, and the matter was not properly before OAH.

On 13 August 2008, Woods served notices of deposition and subpoenas to the Dental Board, its President, and its Secretary-Treasurer. On 14 August 2008, Woods received a second subpoena from the Dental Board, which requested twenty-one patient records; the original twenty records plus one additional patient record. On 15 August 2008, Woods filed a motion to quash the second subpoena with the Dental Board.

On 20 August 2008, the Investigative Panel filed a motion with the Dental Board to quash the subpoenas and the notices of deposition issued by Woods, asserting that Woods was not entitled to conduct discovery during the investigative stage of the matter. At the hearing on the motion to quash the subpoenas, Woods withdrew the

challenged notices of deposition and subpoenas. On 9 September 2008, the Dental Board denied the Investigative Panel's motion as being moot.

Also, on 9 September 2008, the Dental Board denied Woods' motion to quash the second subpoena. On 16 September 2008, Woods filed a Petition for a Contested Case Hearing with OAH asserting that the Dental Board's denial of her motion to quash the second subpoena substantially prejudiced her rights, failed to use the proper procedures, and failed to act as required by law. She also filed a document styled as "Motion to Consolidate, Motion to Compel, and Stay" seeking to consolidate her two petitions on the original and second subpoenas, to compel the Dental Board, its President, and its Secretary-Treasurer to present themselves for deposition, and to stay the Dental Board from issuing subpoenas. On 22 September 2008, the Dental Board filed a motion with OAH to dismiss Woods' petitions and her motion to consolidate, compel, and stay.

On 25 September 2008, the Dental Board filed a motion in superior court seeking an order to enforce the original and second subpoenas issued to Woods for her patient records. On 27 October 2008, Woods served the Dental Board, its President, and its Secretary-Treasurer, with new subpoenas and notices of deposition. On 31 October 2008, the Dental Board filed a motion in superior court to quash the subpoenas and notices of deposition served 27 October, again asserting that Woods was not entitled to conduct discovery during the investigative stage of the matter.

On 6 November 2008, Woods appealed to the superior court from the Dental Board's 25 June and 9 September 2008 orders denying her motions to quash the subpoenas for her patient records. On 14 November 2008, Administrative Law Judge Shannon R. Joseph entered an order granting the Dental Board's 4 August and 22 September 2008 motions to dismiss Woods' petitions for lack of jurisdiction.

On 28 November 2008, Woods filed a motion in superior court to compel the Dental Board, its President, and its Secretary-Treasurer, to submit to depositions. On 2 January 2009, Judge Cashwell entered orders granting the Dental Board's motion to enforce the subpoenas for the patient records, granting the Dental Board's motion to quash the notices of deposition and subpoenas issued by Woods, and dismissing Woods' appeal from the Dental Board's orders denying her motions to quash the subpoenas for her patient records.

From the two orders entered by Judge Cashwell on 2 January 2009, Woods appeals.

## II. Interlocutory Appeal

We must first address the Dental Board's argument that Woods' appeal should be dismissed as interlocutory.

Woods contends that she is entitled to appellate review from the orders of the trial court pursuant to N.C. Gen. Stat. § 7A-27. The Dental Board contends that Woods' appeal is interlocutory because the orders are not final judgments in the matter.

" 'An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.' " *Edwards v. GE Lighting Systems, Inc.*, —— N.C. App. ——, ——, 668 S.E.2d 114, 116 (2008) (quoting *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Interlocutory orders are "immediately appealable in only two instances: (1) if the trial court certifies that there is no just reason to delay the appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) or (2) when the challenged order affects a substantial right the appellant would lose without immediate review." *Wiggs v. Peedin*, —— N.C. App. ——, ——, 669 S.E.2d 844, 847 (2008) (citing *Embler v. Embler*, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001)).

In the instant case, the trial court's discovery orders are interlocutory because they do not " 'dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy.' " *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (alterations omitted) (quoting *Carriker v. Carriker*, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999)). There was no Rule 54(b) certification; and our review is limited to whether a substantial right is affected.

### A. Trial Court's Order Granting the Dental Board's Motion to Quash Woods' Notices of Deposition and Subpoenas

[1] In her first argument, Woods contends that the trial court erred by quashing the notices of deposition and subpoenas she served upon the Dental Board, its President, and its Secretary-Treasurer, because she is entitled to conduct discovery pursuant to N.C. Gen. Stat. § 90-41.1.

Article 2 of Chapter 90 of the General Statutes governs the practice of dentistry in North Carolina, and establishes the Board of Dental Examiners to regulate that profession. N.C. Gen. Stat. § 90-22 (2007). Disciplinary proceedings are governed by N.C. Gen. Stat. §§§ 90-41, 90-41.1 and 90-42. N.C. Gen. Stat. § 90-41.1 provides:

> (c) Following the service of the notice of hearing as required by Chapter 150B of the General Statutes, the Board and the person upon whom such notice is served shall have the right to conduct adverse examinations, take depositions, and engage in such further discovery proceedings as are permitted by the laws of this State in civil matters. The Board is hereby authorized and empowered to issue such orders, commissions, notices, subpoenas, or other process as might be necessary or proper to effect the purposes of this subsection; provided, however, that no member of the Board shall be subject to examination hereunder.

N.C. Gen. Stat. § 90-41.1(c) (2007). When the terms of a statute are clear and unambiguous, this Court is to apply the plain meaning of the words, with no need to resort to judicial construction. *Wiggs v. Edgecombe Cty.*, 361 N.C. 318, 322, 643 S.E.2d 904, 907 (2007) (citing *Diaz v. Division of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006)). The terms of the statute do not permit a defendant to engage in discovery until the Dental Board files a notice of hearing. Further, the Administrative Procedures Act does not permit one to engage in formal discovery while an agency is still investigating the merits of a complaint. N.C. Gen. Stat. § 150B-39 (2007).

In the instant case, no notice of hearing has been filed, and the matter is still under investigation. Woods cannot, by filing motions in superior court, create an action in which to conduct discovery.

The terms of N.C. Gen. Stat. § 90-41.1(c) are clear and unambiguous. Because no proceeding has been filed against Woods, she was not entitled to engage in discovery. Thus, no substantial right of Woods is affected. Woods' appeal from the order granting the Dental Board's motion to quash her notices of deposition and subpoenas is dismissed.

### B. Trial Court's Order Granting the Dental Board's Motion to Enforce the Investigative Panel's Subpoenas for Woods' Patient Records

[2] In her second argument, Woods contends that the trial court erred by granting the Dental Board's motion to enforce the Investigative Panel's subpoenas for Woods' patient records because the

records are privileged documents, which she is prohibited from disclosing under HIPAA. *See* 42 U.S.C. § 1320d *et seq.*

"An order regarding discovery matters is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *In re Will of Johnston*, 157 N.C. App. 258, 261, 578 S.E.2d 635, 638 (2003) (citations omitted), *aff'd*, 357 N.C. 569, 597 S.E.2d 670 (2003). However, when a party asserts a statutory privilege, which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1). *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581.

Defendant asserts a statutory privilege based upon HIPAA. *See* 42 U.S.C. § 1320d *et seq.* "[I]n determining whether a substantial right is affected by the challenged order, it suffices to observe that, if [Woods] is required to disclose the very documents that [she] alleges are protected from disclosure by the statutory privilege, then 'a right materially affecting those interests which a [person] is entitled to have preserved and protected by law'—a "substantial right"—is affected." *Sharpe*, 351 N.C. at 164-65, 522 S.E.2d at 580-81 (quoting *Oestreicher v. Stores*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976)); *see also Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E.2d 67 (1964) (allowing immediate appellate review for plaintiff asserting the physician-patient privilege after the trial court's interlocutory order, which granted defendants' motion to compel plaintiff's psychiatrist to submit to a deposition regarding plaintiff's medical treatment history).

Woods' appeal from the trial court's order granting the Dental Board's motion to enforce the Investigative Panel's subpoenas for her patient records affects a substantial right and is subject to immediate appellate review.

The balance of Woods' arguments on appeal of the trial court's order granting the Dental Board's motion to enforce the subpoenas are not grounded upon a statutory privilege under HIPAA. Because we grant appellate review based solely upon such statutory privilege, these arguments are interlocutory and are dismissed.

### III. The Dental Board's Subpoenas

[3] In her third argument, Woods contends that the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. 1320d *et seq.*,

and regulations thereunder, preclude disclosure of the patient records being sought by the Dental Board. We disagree.

Statutory interpretation is a question of law, which this Court reviews *de novo*. *In re Appeal of Murray*, 179 N.C. App. 780, 786, 635 S.E.2d 477, 481 (2006) (citation omitted). "The paramount objective of statutory interpretation is to give effect to the intent of the legislature." *In Re Proposed Assessments v. Jefferson-Pilot Life Ins. Co.*, 161 N.C. App. 558, 560, 589 S.E.2d 179, 181 (2003) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671 (1999), *abrogated on other grounds by Lenox, Inc. v. Tolson*, 353 N.C. 659, 663-65, 548 S.E.2d 513, 516-18 (2001)).

While no North Carolina court has considered the specific issue presented in this appeal, we find cases decided in other states construing the same federal statutes and regulations to be persuasive.

HIPAA regulates how healthcare providers use, transfer, and retain patient information. *See* 42 U.S.C. § 1320d *et seq.* HIPAA prohibits the wrongful disclosure of individually identifiable health information. 42 U.S.C. § 1320d-6. However, "[u]nder this authority, regulations have been promulgated establishing procedures for the uses and disclosure of such information." *In re Petition for Subpoenas*, 274 Mich. App. 696, 699, 736 N.W.2d 594, 597 (2007) (citing 45 C.F.R. 164.502-164.534), *appeal denied*, 478 Mich. 854, 731 N.W.2d 91 (2007).

The Code of Federal Regulations provides: "A covered entity may not use or disclose protected health information, except as permitted or required by this subpart or by subpart C of part 160 of this subchapter." 45 C.F.R. § 164.502(a) (2009). The Federal Regulations further provide that Woods may disclose:

protected health information to a health oversight agency for oversight activities authorized by law, including audits; civil, administrative, or criminal investigations; inspections; licensure or disciplinary actions; civil, administrative, or criminal proceedings or actions; or other activities necessary for appropriate oversight of:

(i) The health care system;

45 C.F.R. § 164.512(d)(1)(i) (2009). The Dental Board is a health oversight agency. *See* 45 C.F.R. § 164.501 (2009); N.C. Gen. Stat. § 90-22(b) (2007).

In *In re Petition for Subpoenas*, the Michigan Attorney General sought the enforcement of an investigative subpoena for patient records from a dentist under investigation for insurance fraud. 274 Mich. App. 696, 736 N.W.2d 594. The Michigan Court of Appeals held that HIPAA did not preclude enforcement of the subpoena. *Id.* at 700, 736 N.W.2d at 597-98. The Court held:

> Petitioner requested the patient health information at issue incident to an insurance fraud investigation conducted by the [Michigan Department of Community Health (MDCH)]. This information pertained to the MDCH's "oversight activities authorized by law," particularly a disciplinary investigation concerning respondent's provision of dental care, so respondent, as a health care provider was authorized to release information under HIPAA regulations, 45 CFR 164.512(d)(1).

*Id.* at 700-01, 736 N.W.2d at 598 (citations and quotations omitted).

In *Solomon v. Board of Physicians*, the Board of Physician Quality Assurance issued a subpoena to a physician seeking the medical records of nineteen patients. 155 Md. App. 687, 845 A.2d 47 (2003), *cert. denied*, 381 Md. 676, 851 A.2d 595 (2004). The subpoena was issued pursuant to an investigation by the Board based upon a patient complaint against the physician. The physician argued that HIPAA precluded her from complying with the subpoena. The Maryland Court of Appeals rejected the physician's argument because the subpoena was issued before HIPAA came into effect. The Court noted that even if HIPAA applied, "the regulations are not applicable to disclosures of medical records' to a licensure or disciplinary agency, such as the Board." *Id.* at 704-05, 845 A.2d at 57 (citing 45 C.F.R. § 164.512(d)).

In *Chapman v. Health and Hospitals Corps.*, a nurse sought to compel a hospital to produce a patient's medical record in connection with an administrative disciplinary hearing. 7 Misc. 3d 933, 796 N.Y.S.2d 876 (2005). The hospital argued it was prohibited from producing the patient medical record by HIPAA. The New York Supreme Court held that HIPAA did not prohibit the disclosure of the patient record because the hospital was a covered entity permitted to disclose "in the course of any judicial or administrative proceeding." *Id.* at 937, 796 N.Y.S.2d at 879 (citing 45 C.F.R. § 164.512(e)).

Woods cites 45 C.F.R. § 164.512(e) as controlling the instant case, not 45 C.F.R. § 164.512(d), and argues that subpart (e) prohibits the

disclosure of her patient records. Subpart (d) provides when health information may be used and disclosed for health oversight activities including licensure and disciplinary actions. 45 C.F.R. § 164.512(d) (2009). Subpart (e) provides when health information may be disclosed for judicial and administrative proceedings. 45 C.F.R. § 164.512(e) (2009). Subpart (e)(ii) provides that a subpoena, which is not accompanied by a court or administrative order must show that: (A) the party seeking the information has made reasonable efforts to ensure that the individual whose records are being requested has been given notice of the request; or (B) reasonable efforts have been made to procure a qualified protective order pursuant to 45 C.F.R. § 164.512(e)(1)(v) that prohibits the use of the information for any purpose other than that proceeding and requires the destruction of the information at the end of the proceeding. Subpart (d) does not contain such a requirement.

Respondent in *In re Petition for Subpoenas* asserted this identical argument. The Michigan Court of Appeals rejected the argument holding, "respondent's claim is belied by the plain language of § 512(e), which states that '[t]he provisions of this paragraph do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information.' " *In re Petition for Subpoenas*, 274 Mich. App. at 702, 736 N.W.2d at 599 (quoting 45 C.F.R. 164.512(e)(vi)(2)). The Court further held that because MDCH was a health oversight agency, and the requested information pertained to MDCH's oversight activities authorized by law, that respondent, as a health care provider, was authorized to release the information under 45 C.F.R. § 164.512(d)(1).

The Dental Board is a health oversight agency and requested Woods' patient records as part of the Dental Board's oversight activities, which includes "civil, administrative, or criminal investigations." 45 C.F.R. § 164.512(d) (2009). Thus, we hold that 45 C.F.R. § 164.512(d) is applicable to the instant case.

We find the reasoning of the above-cited cases to be persuasive and hold that HIPAA did not prohibit the disclosure of Woods' patient records to the Dental Board pursuant to its investigation. The Dental Board was conducting a disciplinary investigation, and Woods, as a health care provider, was authorized to release the requested information under HIPAA regulations.

This argument is without merit.

Woods failed to argue her remaining assignments of error in her brief, and they are deemed abandoned pursuant to Rule 28(b)(6) of the Rules of Appellate Procedure.

DISMISSED IN PART, AFFIRMED IN PART.

Judges McGEE and JACKSON concur.