STATE *v.* NICHOLS.

---

### STATE v. CECIL CARL NICHOLS.

(Filed 9 March, 1955.)

**Bigamy and Bigamous Cohabitation § 3—**

In a prosecution for bigamy, it is not error to exclude defendant's testimony that he had employed a lawyer to obtain a divorce for him, was informed that it would require about thirty days, and that after the expiration of that period he contracted the second marriage, believing that he was divorced.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Paul, Special Judge,* September Term, 1954, of WILSON.

Criminal action tried upon a bill of indictment charging the defendant, he being already married, feloniously did contract a marriage with Betty Jean Ruffin, outside of this State and thereafter feloniously and bigamously did cohabit with the said Betty Jean Ruffin in the State of North Carolina.

The State's evidence shows that the defendant married Dorothy Reasons Nichols on 14 January, 1954, in Wilson, North Carolina, and that they lived together as man and wife for six weeks; that the defendant thereafter, on 19 May, 1954, married Betty Jean Ruffin in Emporia, Virginia, and since that time she and the defendant have been living together in Wilson, North Carolina.

The defendant testified that he had not obtained a divorce from his first wife.

The jury returned a verdict of guilty, and from the judgment entered thereupon the defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorney General Bruton for the State.*

*W. D. P. Sharpe, Jr., for defendant.*

Per Curiam. The defendant excepts to and assigns as error the re-
fusal of the court below to permit him to testify to the effect that he
employed a lawyer to obtain a divorce for him and was informed that it
would require about thirty days to do so; that after the expiration of
thirty days from that time, he went home and got married, believing that
he was divorced. The exception is without merit.

In the trial below we find no error.

No error.

Barnhill, C. J., and Devin, J., took no part in the consideration or
decision of this case.