WHITE, JOSEPH S., Associate Judge.
This is an interlocutory appeal from an order overruling objections to written discovery interrogatories.
We learn from appellant’s main brief and the appendix thereto that a final decree of divorce had been entered between the parties several months previously wherein ap-pellee had been ordered to perform the provisions of a “Property Settlement Agreement” which obligated the latter to make periodic payments for the support of his three children. A petition for modification had been filed by the father of the children, appellee here, and in connection therewith the interrogatories were propounded for discovery purposes to the appellant, mother and custodian of the children.
The interrogatories consisted of fifteen questions. The questions were quite lengthy and most of them required answers regarding many separate details. The objections which appellant interposed recited that she “files these objections to Interrogatories 1 through 15, including any and all subsections thereof, filed by the Defendant in this cause and for grounds states as follows: That the said Interrogatories are harrassing, oppressive, irrelevant, immaterial and are not timely filed.” The trial court overruled the objections with the provision that some of the details specified in the court’s order might be omitted in giving answers to the interrogatories.
The assignment of error which appellant submits for this court’s consideration is: “The Court erred in entering its Order dated February 27, 1967, which ordered the Plaintiff, BARBARA TWADDELL, to answer Interrogatories propounded by the Defendant, KENNETH R. TWADDELL.”
Upon reading the interrogatories we were inclined to the view that some of them do, indeed, refer to matter quite irrelevant to the issues between the parties at that point. On the other hand, other questions seemed proper.
A “blanket” objection to interrogatories consisting of many, separate questions is insufficient. Objections in such a case should be addressed “to a particular interrogatory or class of interrogatories, not to the interrogatories in general.” Carson v. City of Fort Lauderdale, Fla.App.1965, 173 So.2d 743.
Where a “blanket” objection is interposed to interrogatories consisting of many questions, some of which may be improper, there is no obligation upon the court to analyze each question separately and eliminate those which might be subject to *503 the objection. Accordingly, we cannot hold the lower court here in error for declining to select from among the proposed interrogatories the particular question or questions to which appellant’s general objection might have applied.
Affirmed.
WALDEN, C. J., and ANDREWS, J., concur.