GLENN A. LAZENBY, JR. AND JEAN G. LAZENBY v. DERWOOD H. GODWIN

No. 8014SC352

(Filed 21 October 1980)

**Appeal and Error § 6.9– pretrial order not appealable**

> In an action to recover damages for fraud, a pretrial order denying plaintiffs' motion to amend and resolving issues to be submitted to the jury was interlocutory and not appealable.

APPEAL by plaintiffs from *Bailey, Judge.* Order entered 7 February 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 9 October 1980.

Plaintiffs seek to recover damages from defendant for fraud in a transaction in which defendant acquired plaintiffs' stock in a family corporation. The action was instituted 11 April 1974 and tried in 1977. A verdict was returned for plaintiffs but was set aside on their motion. A new trial was ordered on all issues. Upon appeal by defendant, the trial court's action was affirmed.

Thereafter, the case was peremptorily set for trial as the first case for the session beginning 11 February 1980. Plaintiffs filed a motion to amend to allege punitive damages on 28 January 1980. The record shows that at the request of the parties, the presiding judge scheduled a pretrial hearing for 7 February 1980 to hear plaintiffs' motion to amend and to resolve the issues to be submitted to the jury. Upon the pretrial hearing, the court entered an order denying plaintiffs' motion to amend and refusing to submit an issue on punitive damages. Judge Bailey stated that "the Court will not consider evidence relating to punitive damages." Plaintiffs appeal.

*Nye, Mitchell, Jarvis & Bugg, by Jerry L. Jarvis and R. Roy Mitchell, Jr., for plaintiff appellants.*

*Poyner, Geraghty, Hartsfield & Townsend, by David W. Long and Elaine R. Pope, for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiffs attempt to appeal from a pretrial order entered pursuant to Rule 16 of the North Carolina Rules of Civil Proce-

dure. The pretrial order is interlocutory and is not appealable. *Green v. Insurance Co.*, 250 N.C. 730, 110 S.E. 2d 321 (1959); *DeBruhl v. Highway Com.*, 241 N.C. 616, 86 S.E. 2d 202 (1955). While *Green* involved interpreting former N.C.G.S. 1-169.1, repealed 1 January 1970, the language pertinent to that appeal is almost identical to the applicable portion of the present Rule 16. The former statute reads: "Such order shall control the subsequent course of the case unless in the discretion of the trial judge the ends of justice require its modification." Rule 16 states: "[S]uch order when entered controls the subsequent course of the action, unless modified *at the trial* to prevent manifest injustice." (Emphasis added.) The rule permits modification of the pretrial order by the trial court judge when necessary to prevent manifest injustice.

This Court continues to adhere to the principle set forth in *Green, supra. Board of Transportation v. Gragg*, 38 N.C. App. 740, 248 S.E. 2d 763 (1978); *Realty, Inc. v. City of High Point*, 36 N.C. App. 154, 242 S.E. 2d 895 (1978); *Knight v. Power Co.*, 34 N.C. App. 218, 237 S.E. 2d 574 (1977).

The appeal is dismissed.

Judges HEDRICK and MARTIN (Robert M.) concur.