K2 ASIA VENTURES, BEN C. BROOCKS, AND JAMES G. J. CROW, Plaintiffs v. ROBERT TROTA, et al., Defendants

No. COA10-779

(Filed 1 March 2011)

**Appeal and Error— interlocutory orders and appeals—voluntary submission to North Carolina jurisdiction—motion to compel depositions—bound to participate in jurisdictional discovery**

Defendants' appeal from an interlocutory discovery order granting plaintiffs' motion to compel depositions was dismissed. Defendants had voluntarily submitted to North Carolina jurisdiction to decide the issue of personal jurisdiction in the action, and thus, were bound to participate in jurisdictional discovery the trial court ordered. In this case, the order's requirement that defendants appear in California for depositions during jurisdic-

tional discovery did not burden defendants' substantial right to due process and did not warrant immediate appeal.

Appeal by Defendants Robert Trota, Carolyn T. Salud, Cristina T. Garcia, Jim Fuentabella, and Sharon Fuentabella from order entered 19 April 2010 by Judge James M. Webb in Forsyth County Superior Court. Heard in the Court of Appeals 15 December 2010.

*Watts Guerra Craft LLP, by Christopher V. Goodpastor, and Blanco Tackabery & Matamoros, P.A., by Elliot Fus and Peter J. Juran, for Plaintiffs-Appellees.*

*Bell, Davis & Pitt, P.A., by William K. Davis, Alan M. Ruley, and Bradley C. Friesen, for Defendants-Appellants.*

STEPHENS, Judge.

In April 2009, Plaintiffs filed a complaint in Forsyth County, North Carolina against Defendants, asserting various causes of action arising out of alleged breaches of alleged agreements between Plaintiffs and the various Defendants. Defendants all filed motions to dismiss Plaintiffs' action based on the court's alleged lack of personal jurisdiction. It appears from the records and briefs that Defendants agreed to postpone the hearing on their motion to allow Plaintiffs to conduct limited discovery on the issue of personal jurisdiction.

After serving and receiving Defendants' responses to interrogatories, requests for production of documents, and requests for admissions, Plaintiffs sought to supplement their jurisdictional discovery by deposing Defendants Robert Trota, Carolyn T. Salud, Cristina T. Garcia, Jim Fuentabella, and Sharon Fuentabella ("Appellants"). Appellants, who are all residents of the Philippines, objected to the depositions and moved the court for a protective order. Plaintiffs filed an amended notice of depositions, but, when they were unable to secure Appellants' appearance at the depositions, Plaintiffs filed their 10 March 2010 motion to compel depositions.

Following a 5 April 2010 hearing on the discovery motions, Judge James M. Webb entered the 19 April 2010 order ("Order") granting Plaintiffs' motion to compel depositions and denying Appellants' motion for a protective order. The trial court ordered Appellants to appear for depositions in Glendale, California, the city of the headquarters of Defendant Max's of Manila, Inc., a corporation in which three of the Appellants are directors or officers. On 20 April 2010, Appellants appealed the trial court's Order.

On appeal, Appellants challenge the trial court's authority to (1) order Appellants to appear for depositions during the jurisdictional discovery phase, and (2) order Appellants to appear in California—"a distance of over 7,000 miles" from their residences in the Philippines—for their depositions. However, the threshold, and ultimately dispositive, issue is whether appeal of the trial court's Order is proper at this time.

What appears to be the only undisputed issue in this contentious action is that the trial court's Order is interlocutory. As such, the Order is only immediately appealable if it has been certified by the trial court (which it has not) or if it affects a substantial right of Appellants. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2009); N.C. Gen. Stat. § 1-277(a) (2009) ("An appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding[.]"). North Carolina Courts have developed the following "two-part test" to determine whether an interlocutory order may be appealed because of its effect on a party's substantial right: (1) the right itself must be substantial and (2) the "deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (citing *Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E.2d 667 (1977)).

As their first allegedly substantial right suffering deprivation by the terms of the Order, Appellants present their "right to be deposed only in the counties in which they reside." This right, Appellants argue, arises from North Carolina Civil Procedure Rule 30(b)(1), which Appellants contend "mandates that a nonresident defendant may be deposed *only* in the county in which he or she resides." Appellants claim the order deprives them of their Rule 30(b)(1) "right" to be deposed in the Philippines and is immediately appealable. Assuming, without deciding, that Rule 30(b)(1) grants a party the right to be deposed only in the county in which he resides, and assuming that the Order violates this right, the issue is whether violation of this particular right warrants immediate appeal.

As a general rule, interlocutory discovery orders are not immediately appealable. *See, e.g., Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 447, 271 S.E.2d 522, 523 (1980) ("It has been held that orders denying or allowing discovery are not appealable since they are interlocutory and do not affect a substantial right which would be lost if the ruling

were not reviewed before final judgment."). Indeed, a cursory inspection of North Carolina case law reveals that orders of the trial court that allegedly violate discovery rules, or other rules of civil procedure, are rarely appropriate for immediate appeal. *Love v. Moore*, 305 N.C. 575, 291 S.E.2d 141 (1982) (appellant not entitled to immediate appeal of trial court's adverse ruling on motions to dismiss based on insufficiency of service and insufficiency of process); *Green v. Maness*, 69 N.C. App. 403, 316 S.E.2d 911 (1984) (noting in syllabus that this Court had previously dismissed as interlocutory an immediate appeal from discovery order that appellant contended violated Rule of Civil Procedure 26(b)(4)(a)(2)); *Buchanan v. Rose*, 59 N.C. App. 351, 352, 296 S.E.2d 508, 509 (1982) (an order denying a motion to amend pleadings under Rule 15(a) is an interlocutory order and not immediately appealable); *Lazenby v. Godwin*, 49 N.C. App. 300, 300-01, 271 S.E.2d 69, 70 (1980) ("Plaintiffs attempt to appeal from a pretrial order entered pursuant to Rule 16 of the North Carolina Rules of Civil Procedure. The pretrial order is interlocutory and is not appealable."). Therefore, it can safely be said, stated in Appellants' terms, that while a rule of civil procedure may grant a party certain "rights," not every violation of those "rights" is immediately appealable. The mere fact of a violation of a rule of civil procedure, without more, is insufficient to warrant immediate appeal.

However, Appellants argue that they should be entitled to immediately appeal this alleged violation because, in this case, their Rule 30(b)(1) "right" is a substantial one in that Appellants are *"foreign national* nonresident defendant[s] who will more than likely suffer travel demands exponentially more burdensome than domestic nonresident defendants." We disagree.

This Court has held that avoiding the expenditure of time and money is not a substantial right justifying immediate appeal. *See Reid v. Cole*, 187 N.C. App. 261, 266-67, 652 S.E.2d 718, 721-22 (2007) (stating that " 'avoiding the time and expense of trial is not a substantial right justifying immediate appeal' ") (quoting *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001)); *see also Embler v. Embler*, 143 N.C. App. 162, 166, 545 S.E.2d 259, 262 (2001) ("Interlocutory appeals that challenge only the financial repercussions of a separation or divorce generally have not been held to affect a substantial right."). Because the time and money likely to be expended by Appellants as a result of the Order—possibly several days' time and the cost of a trans-Pacific flight and motel expenses—cannot be more burdensome than the time and money expended in litigating an entire trial,

and because "avoiding the time and expense of a trial is not a substantial right justifying immediate appeal[,]" *Reid*, 187 N.C. App. at 266-67, 652 S.E.2d at 721-22, we are unpersuaded by Appellants' argument that violation of their Rule 30(b)(1) "right" is immediately appealable based on the potentially burdensome travel costs that Appellants may incur by complying with the Order.

We are likewise unpersuaded by Appellants' argument that the Order's violation of their Rule 30(b)(1) "right" is immediately appealable "for the same reason, based on the same substantial right, that orders on venue motions are immediately appealable." While it is true that orders on motions for change of venue based on improper venue affect a substantial right and are immediately appealable, *see Hawley v. Hobgood*, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005), we cannot conclude that the same right is affected when a party is forced to litigate in an improper venue as when a party is forced to appear for a deposition in an "improper" location. Further, any similarity between the two rights is completely overshadowed by the difference in magnitude of the burden on those rights: a decision setting venue covers the duration of the judicial process while a decision setting the location of a deposition covers only the much shorter duration of the depositions (in this case Plaintiffs seek one day of deposition per Appellant). Accordingly, we cannot conclude that the Order setting the location of the depositions is immediately appealable "for the same reason" that orders on venue motions are immediately appealable.

Because interlocutory discovery orders are generally not appealable, *Dworsky*, 49 N.C. App. at 447, 271 S.E.2d at 523, and because Appellants present nothing beyond their allegation of a violation of Rule 30(b)(1) to indicate a substantial right that will be irreparably harmed absent immediate appeal, we conclude that Appellants are not entitled to immediate review of the Order based on its alleged violation of Rule 30(b)(1).

Appellants further contend that the Order is immediately appealable based on its adverse affect on Appellants' "substantial right to due process." "[T]he Due Process Clause [does] not permit a State to make a binding judgment against a person with whom the State [has] no contacts, ties, or relations." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 806-07, 86 L. Ed. 2d 628, 638 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310; 90 L. Ed. 95 (1945)). This due process right is an individual right that protects a defendant "from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there." *Id.*

The twin bases upon which Appellants rest their claim that the Order adversely affects their due process rights are (1) that the Order compels Appellants to appear for depositions unlimited in scope and (2) that the Order requires Appellants "to physically transport themselves thousands of miles to North America[.]"[1]

As for Appellants' claim that the Order violates their due process rights by compelling them to appear for depositions unlimited in scope, we first note that the Order does not provide for an unlimited scope of the depositions. Although the Order does not explicitly state that the scope of the depositions is limited to issues of personal jurisdiction, from the context of the proceedings, as well as from the parties' motions and arguments, it is obvious that the scope of the depositions is limited to the issue of personal jurisdiction.

Appellants state in their brief, and Plaintiffs do not contend otherwise, that Appellants have waived personal jurisdiction only to the limited extent of allowing North Carolina courts to determine the issue of personal jurisdiction. Further, all discovery served up to this point in the proceedings has been focused on the issue of personal jurisdiction.

In their memorandum in support of their motion, Plaintiffs asserted that the court "should grant Plaintiffs' Motion to Compel, overrule [Appellants'] objections, and deny the Motion for Protective Order" on the ground that "Plaintiffs are entitled to depose [Appellants] to discover information relevant to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction." Furthermore, at the motion hearing, Plaintiffs' counsel asserted that "[a]ll [Plaintiffs are] asking is that we be entitled to ask questions to get real truthful and final answers to the factual questions regarding contacts with North Carolina that are raised in [discovery thus far]." Clearly, Plaintiffs contemplated that only the issue of depositions regarding personal jurisdiction was before the trial court.

Similarly, it appears that Appellants viewed the issue before the court as the propriety of depositions regarding personal jurisdiction:

---

1. Appellants also contend that their "lawful right to move to dismiss the claims against them for lack of personal jurisdiction" will be foreclosed by their appearance at the depositions, which Appellants assert amounts to substantial participation in the action. Appellants' contention, however, is long on supposition and conclusion, and short on argument and authority. We find no reason, and none is presented by Appellants, to conclude that Appellants' right to move for dismissal based on lack of personal jurisdiction will somehow be foreclosed by their participation in the requested jurisdictional discovery.

in their motion for a protective order, Appellants moved for a "protective order that their depositions for purposes of discovery about personal jurisdiction not be had."

From the foregoing, it is clear that the only issue before the trial court was whether Plaintiffs may depose Appellants regarding issues relevant to the court's determination of personal jurisdiction. Accordingly, we need not decide whether depositions of unlimited scope would violate Appellants' due process rights.

The question, then, is simply whether the Order's requirement that Appellants appear for depositions at all violates a due-process-protected interest of Appellants. Initially, we note that most federal courts leave the scope of jurisdictional discovery to the discretion of the trial judge and have no due-process qualms about subjecting an out-of-state defendant to depositions regarding jurisdictional discovery issues. *See Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254, 255 (1st Cir. 1966) (holding that plaintiff was entitled to take depositions in jurisdictional discovery); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (noting its approval of the First Circuit's jurisdictional discovery procedure, which allows for taking of depositions); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) ("The court may determine the [personal] jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."); *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (court may permit discovery in aid of deciding Rule 12(b)(2) motion, and scope of such discovery is committed to district court's sound discretion); *United States ex rel. Barko v. Halliburton Co.*, 2010 U.S. Dist. LEXIS 109630 (D.D.C. Oct. 14, 2010) (approving deposition in jurisdictional discovery); *Birnberg v. Milk St. Assocs., Ltd. P'ship*, 2002 U.S. Dist. LEXIS 9321 (N.D. Ill. May 24, 2002) (allowing depositions in jurisdictional discovery). Furthermore, as made clear by the United States Supreme Court, when a defendant voluntarily submits to the limited jurisdiction of a court for the purpose of challenging jurisdiction, "the defendant agrees to abide by that court's determination on the issue of jurisdiction[,]" which determination "may include a variety of legal rules and presumptions." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706-07, 72 L. Ed. 2d 492, 504 (1982). Accordingly, a party may waive, to a limited extent, its protected interest in not being subject to the binding judgments of a court by submitting to that court for the purpose of obtaining a binding judg-

ment on the issue of jurisdiction, and, in doing so, the party agrees to "abide by" the "legal rules and presumptions" that the forum court will use to determine the issue of jurisdiction. *See id.* All of this is simply to say that, in this case, Appellants voluntarily submitted the jurisdictional issue to the North Carolina General Court of Justice and, consequently, Appellants *ultimately* are bound by the North Carolina courts' determination of personal jurisdiction and *immediately* are bound to abide by those legal rules governing the procedure to be followed in reaching that determination, including the North Carolina Rules of Civil Procedure.

Under the Rules, Plaintiffs are permitted to obtain by depositions discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." N.C. Gen. Stat. § 1A-1, Rule 26 (2009). Plaintiffs may also move the trial court to compel Appellants to answer questions in depositions. N.C. Gen. Stat. § 1A-1, Rule 37(a) (2009). Further, the trial court is permitted to exercise its control over discovery by ordering Appellants to submit to depositions requested by Plaintiffs. *See, e.g., Am. Tel. & Tel. Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E.2d 885, 888 (1979) ("The administration of [the discovery] rules lies necessarily within the province of the trial courts."). Accordingly, Appellants' argument that their due process rights were violated when the trial court ordered Appellants to appear for depositions is unavailing. Because Appellants voluntarily submitted to North Carolina jurisdiction to decide the issue of personal jurisdiction in the action, they are bound to participate in what jurisdictional discovery the trial court orders.

This is not to say that, in the context of jurisdictional discovery, all discovery orders, so long as they comport with the rules of civil procedure, conclusively do not burden a defendant's due process rights. Indeed, the United States Supreme Court has contemplated that a procedural rule could violate due process. *Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 707, 72 L. Ed. 2d at 504 (noting that a particular rule may offend due process, "but the mere use of procedural rules does not in itself violate the defendant's due process rights"). As such, an order compliant with a rule that offends due process could itself offend due process.

Nor do we hold that a jurisdictional discovery order that violates the rules of civil procedure conclusively does burden a defendant's due process rights. Certainly, if our Rule 30(b)(1) required Appellants to be deposed in Forsyth County, it would not be a violation of

Appellants' due process rights to allow them to be deposed in the Philippines.[2] We simply hold that, in this case, the Order's requirement that Appellants appear for depositions during jurisdictional discovery does not burden Appellants' substantial right to due process and does not warrant immediate appeal.

Finally, with respect to Appellants' claim that the Order's travel requirement adversely, and irremediably, affects their substantial right to due process, we note that the Supreme Court has often stated that due process requires that a forum court's exercise of its jurisdiction must not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316, 90 L. Ed. at 102 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940)). In this Court's view, there is nothing unfair or unjust about requiring Appellants, who voluntarily challenged North Carolina's jurisdiction in North Carolina, to travel at least to a location in the same hemisphere as the forum court to appear for its depositions. This is especially true in light of the fact that neither party seems able to agree on the appropriate scope of jurisdictional discovery. The depositions will almost certainly lead to discovery disputes that the parties will need to have resolved by the trial court, and conducting depositions three time zones away—rather than twelve—will enable such disputes to be resolved timely and efficiently and will facilitate and expedite the depositions, as well as the jurisdictional discovery process in general. We therefore conclude that Appellants' due process rights are not irremediably burdened by the requirement that they travel to California to appear for depositions, and we hold that no substantial right of Appellants is adversely affected so as to warrant immediate appeal.

In so holding, we note that Appellants' implicit agreement to abide by the "legal rules and presumptions" of the North Carolina court system necessarily includes the agreement to abide by the rules

---

2. A plausible argument could be made that a violation of a procedural rule, which a defendant implicitly agreed to abide by when waiving his due process rights for the purpose of determining jurisdiction, would exceed the scope of the waiver and, thus, encroach on the defendant's due process rights. However, this argument would lead to the absurd result that any nonresident party who fully waives personal jurisdiction has the right to immediate appeal of every interlocutory order alleging a rule violation because those violations would burden his substantial right of due process. It must be some aspect of the jurisdictional discovery order, independent of, and more than, its violation of the rule that burdens a party's due process interest. As such, assuming the Order violated Rule 30(b)(1), that violation would not, in and of itself, burden Appellants' "substantial right to due process" and warrant immediate appeal.

governing appeal of interlocutory orders. As this Court has often held, whether an interlocutory order may be appealed based on the order's effect on a substantial right is a determination to be made based on the facts of each case. *See Frost v. Mazda Motor of Am., Inc.*, 353 N.C. 188, 192-93, 540 S.E.2d 324, 327 (2000) (noting that, in applying the "substantial right" test, "[i]t is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered"). The factual and procedural context of this case, although rather unusual, does not present a deprivation of any substantial right of Appellants that cannot be redressed in a timely appeal from a final judgment. Accordingly, this appeal is

DISMISSED.

Judges STEELMAN and ROBERT N. HUNTER, JR. concur.