K2 ASIA VENTURES, BEN C. BROOCKS, AND JAMES G.J. CROW, PLAINTIFFS v.
ROBERT TROTA, ET AL., DEFENDANTS

No. COA10-1065

(Filed 6 September 2011)

## 1. Appeal and Error—interlocutory orders—substantial right—attorney-client privilege—work product immunity

The portion of a trial court's 15 June 2010 order compelling Krispy Kreme defendants to produce documents covered by plaintiffs' request was immediately appealable because defendants' defenses of attorney-client privilege and work product immunity affected a substantial right.

## 2. Appeal and Error—interlocutory orders and appeals— blanket general objections—inadequate to establish substantial right—privilege logs

The Philippine defendants' blanket general objections purporting to assert attorney-client privilege or work product immunity to all of the opposing parties' discovery requests were inadequate to establish a substantial right to an immediate appeal. Even if the privilege logs could have been construed as an adequate assertion of privilege, defendants' failure to utter the word "privilege" or to make some reference to that legal principle at the hearing constituted a failure to establish the privilege.

## 3. Discovery—request for production of documents—failure to meet burden establishing validity of objections

The trial court did not abuse its discretion in an action arising out of alleged breaches of business agreements by overruling the Krispy Kreme defendants' objections to plaintiffs' request for production of documents. Defendants bore the burden to establish the validity of its objections and failed to offer any evidence whatsoever in support of its claims.

Appeal by Defendants from orders entered 15 June 2010 by Judge James M. Webb in Forsyth County Superior Court. Heard in the Court of Appeals 8 March 2011.

*Watts Guerra Craft LLP, by Christopher V. Goodpastor, and Blanco Tackabery & Matamoros, P.A., by Peter J. Juran, for Plaintiffs.*

*Bell, Davis & Pitt, P.A., by William K. Davis, Alan M. Ruley, and Bradley C. Friesen, for Defendants Robert Trota, Veronica Trota, Joselito Saludo, Carolyn T. Salud, Roland V. Garcia, Cristina T. Garcia, Jim Fuentebella, Mavis Fuentebella, Sharon Fuentebella, Max's Baclaran, Inc., Chickens R Us, Inc., Max's Makati, Inc., Max's Ermita, Inc., Max's of Manila, Inc., The Real American Donut Company Inc., Trofi Ventures, Inc., and Ruby Investment Company Holdings, Inc.*

*Kilpatrick Stockton LLP, by Daniel R. Taylor, Jr., Adam H. Charnes, and Jason M. Wenker, for Defendants Krispy Kreme Doughnut Corporation and Krispy Kreme Doughnuts, Inc.*

STEPHENS, Judge.

### I. Procedural History and Factual Background

In April 2009, Plaintiffs K2 Asia Ventures, Ben C. Broocks, and James G.J. Crow filed a complaint in Forsyth County against Defendants Robert Trota, Veronica Trota, Joselito Saludo, Carolyn T. Salud, Roland V. Garcia, Cristina T. Garcia, Jim Fuentebella, Mavis Fuentebella, Sharon Fuentebella, Max's Baclaran, Inc., Chickens R Us, Inc., Max's Makati, Inc., Max's Ermita, Inc., Max's of Manila, Inc., The Real American Donut Company Inc., Trofi Ventures, Inc., Ruby Investment Company Holdings, Inc., Krispy Kreme Doughnut Corporation, and Krispy Kreme Doughnuts, Inc., asserting various causes of action arising out of alleged breaches of business agreements between Plaintiffs and various Defendants. All Defendants filed motions to dismiss Plaintiffs' lawsuit on various grounds, including an assertion of lack of personal jurisdiction by, *inter alia*, Defendants Robert Trota, Carolyn T. Salud, Cristina T. Garcia, Jim Fuentebella, and Sharon Fuentebella (collectively, "the K2 I appellants"). These Defendants agreed to postpone the hearing on their motion to allow Plaintiffs to conduct limited discovery on the issue of personal jurisdiction.

On 11 August 2009, Plaintiffs served their first set of interrogatories, requests for production of documents, and requests for admissions on Defendants Krispy Kreme Doughnut Corporation and Krispy Kreme Doughnuts, Inc., (collectively, "the KKD Defendants"), and also on the remaining Defendants, including the *K2 I* appellants, who will be referred to collectively in this opinion as "the Philippine Defendants." On 13 October 2009, the Philippine Defendants responded to Plaintiffs' discovery requests, including stating various objections.

On 14 October 2009, the KKD Defendants timely served their responses and objections to Plaintiffs' discovery requests.

After receiving Defendants' responses to interrogatories, requests for production of documents, and requests for admissions, Plaintiffs sought to supplement their jurisdictional discovery by deposing the *K2 I* appellants. The *K2 I* appellants, who are residents of the Philippines, objected to the depositions and moved the trial court for a protective order. Plaintiffs filed an amended notice of depositions, but when they were unable to secure the *K2 I* appellants' voluntary appearance at the depositions, Plaintiffs filed a 10 March 2010 motion to compel depositions.

Following a 5 April 2010 hearing on these discovery motions, on 19 April 2010, the trial court entered an order granting Plaintiffs' motion to compel depositions and denying the *K2 I* appellants' motion for a protective order. The trial court ordered the *K2 I* appellants to appear for depositions in Glendale, California, where Defendant Max's of Manila, Inc., a corporation in which three of the *K2 I* appellants are directors or officers, has its headquarters. On 20 April 2010, the *K2 I* appellants appealed the trial court's 19 April 2010 order. On 1 March 2011, this Court issued an opinion dismissing the appeal as interlocutory. *K2 Asia Ventures v. Trota*, ___ N.C. App. ___, ___, 708 S.E.2d 106, 112 (2011) ("*K2 I*").

While the *K2 I* appeal was pending, on 30 April 2010, Plaintiffs filed separate motions to compel the KKD Defendants and the Philippine Defendants to produce additional documents. Each motion asked the trial court to strike or limit any objections and "compel[] full responses" to Plaintiffs' discovery requests. Following a hearing on 17 May 2010, on 15 June 2010, the trial court entered orders compelling both the KKD and Philippine Defendants to produce certain documents. From these orders, the KKD and Philippine Defendants appeal.

## II. Grounds for Appellate Review

[1] At the outset, we must consider the interlocutory nature of both the KKD and Philippine Defendants' appeals. Interlocutory orders are immediately appealable only if they have been certified by the trial court pursuant to Rule 54(b) or if the order affects a substantial right of the appellants. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2009); N.C. Gen. Stat. § 1-277(a) (2009) ("An appeal may be taken from every judicial order or determination of a judge of a superior or district court . . . which affects a substantial right claimed in any action or proceeding."). Here, there has been no Rule 54(b) certification by the trial court. In

determining whether an interlocutory order may be appealed because of its effect on a party's substantial rights, our State's appellate courts have developed the following two-part test: (1) the right itself must be substantial, and (2) the "deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (citing *Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E.2d 667 (1977)).

"An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment." *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999). However, where "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under [N.C. Gen. Stat. §] 1-277(a) and [N.C. Gen. Stat. §] 7A-27(d)(1)." *Id.* at 166, 522 S.E.2d at 581. This Court has applied the reasoning of *Sharpe* to the common law attorney-client privilege. *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 24, 541 S.E.2d 782, 786, *cert. denied and disc. review dismissed*, 353 N.C. 371, 547 S.E.2d 810 (2001).

Here, the KKD Defendants argue that the trial court abused its discretion in compelling it to produce the documents covered by Plaintiffs' request 3. As the record reveals and Plaintiffs concede, the KKD Defendants asserted attorney-client privilege and work product immunity in their specific response to Plaintiffs' request 3. Thus, that portion of the trial court's 15 June 2010 order compelling the KKD Defendants to produce the documents covered by Plaintiffs' request 3 is immediately appealable under *Evans* and *Sharpe*, and the KKD Defendants' appeal is therefore addressed *infra*.

### III. Philippine Defendants' Appeal

#### A. General Objections

[2] Unlike the KKD Defendants, the Philippine Defendants did not assert attorney-client privilege or work product immunity in any of their specific responses to Plaintiffs' individual requests. However, they first contend they are entitled to immediate appeal from the trial court's discovery order because they made a "general objection" as to all of Plaintiff's " 'Definitions' to the extent that they seek to require

the disclosure of information or documents protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege or doctrine." This general objection is one of twelve "Objections to 'Definitions' " listed at the beginning of the Philippine Defendants' responses to Plaintiffs' first set of interrogatories and document requests. The Philippine Defendants assert that this general objection was sufficient to comply with the mandate of *Evans* (quoting *Sharpe*) that, to be immediately appealable, an appellant must " 'assert[] a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial.' " 142 N.C. App. at 24, 541 S.E.2d at 786. We disagree.

Civil Procedure Rule 34, concerning production of documents, provides in pertinent part:

> The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. . . .

> There shall be sufficient space following each request in which the respondent may state the response. The respondent shall: (1) state the response in the space provided, using additional pages if necessary; or (2) restate the request to be followed by the response. An objection to a request *shall be made* by stating the objection and the reason therefor either in the space following the request or following the restated request.

N.C. Gen. Stat. § 1A-1, Rule 34(b) (2009) (emphasis added). We conclude that the blanket general objection provided by the Philippine Defendants based on "the attorney/client privilege, the work product doctrine, or any other applicable privilege or doctrine" does not comply with Rule 34 by "stating the objection and the reason therefor either in the space following the request or following the restated request." Nor does the Philippine Defendants' blanket general objection comply with the holding of *Sharpe* as quoted in *Evans* that appellants must make an " 'assertion of such privilege [that] is not otherwise frivolous or insubstantial.' " 142 N.C. App. at 24, 541 S.E.2d at 786. We hold that blanket general objections purporting to assert attorney-client privilege or work product immunity to all of the opposing parties' discovery requests are inadequate to effect their intended purpose and do not establish a substantial right to an immediate appeal.

We note that this holding, while a matter of first impression in our State, is in keeping with the decisions of the federal courts which have rejected general objections based on privilege, instead requiring that such objections "be made and established on a document-by-document basis." *Culinary Foods, Inc. v. Raychem Corp.*, 150 F.R.D. 122, 126 (N.D. Ill. 1993) (citing *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)); *see also Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."), *cert. denied*, 546 U.S. 939, 163 L. Ed. 2d 326 (2005); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984) (holding that a blanket, non-specific attorney-client and work product privilege objection was insufficient and effected a waiver of the privilege), *cert. dismissed*, 469 U.S. 1199, 83 L. Ed. 2d 984 (1985); *Eureka Financial Corp. v. Hartford Acci. & Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. 1991) ("Whether a responding party states a general objection to an entire discovery document on the basis of privilege, or generally asserts a privilege objection within an individual discovery response, the resulting 'blanket objection' is decidedly improper."); *Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D. Neb. 1985) ("A general objection of work product is insufficient under this definition where it does not designate which documents allegedly enjoyed that privilege.").

Our holding is also in line with decisions of state courts which have reached the same conclusion. *See e.g.*, *Loudoun County Asphalt, L.L.C. v. Wise Guys Contr., L.L.C.*, 79 Va. Cir. 605 (Cir. Ct. of Loudoun Cty. 2009) (rejecting the use of general objections); *Burton v. West*, 749 S.W.2d 505 (Tex. App. 1988) (disallowing "blanket" objections to all interrogatories); *Twaddell v. Twaddell*, 199 So. 2d 501 (Fla. Dist. Ct. App. 1967) ("A 'blanket' objection to interrogatories consisting of many, separate questions is insufficient.").

### B. Privilege Logs

The Philippine Defendants also contend that the privilege logs they submitted to Plaintiffs' counsel beginning on 11 January 2010 with subsequent updates on 19 January and 29 April 2010 constituted a proper assertion of attorney-client privilege. Specifically, the Philippine Defendants cite, *inter alia*, *Burlington Northern & Santa Fe Ry. Co.* for the proposition that submission of "a privilege log is *sufficient* to properly assert the privilege[.]" 408 F.3d at 1148 (empha-

sis in original) (citation omitted). However, because the Philippine Defendants did not assert or obtain a ruling on claims of attorney-client privilege or work product immunity in the trial court, we conclude this matter is not properly before us on appeal.

Rule of Appellate Procedure 10(b)(1) "provides in pertinent part that '[i]n order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent.' " *Evans*, 142 N.C. App. at 25, 541 S.E.2d at 787 (quoting *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991)). When an appellant has failed to comply with this requirement, "[t]his Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal." *Eason*, 328 N.C. at 420, 402 S.E.2d at 814.

Here, the Philippine Defendants' privilege logs were transmitted via United States mail and email between counsel for the parties, but not to the trial court. In the ordinary course of discovery, of course, an objecting party need not automatically file a privilege log with a trial court. If the party seeking the documents accepts the assertion of privilege, the trial court need have no involvement in the issue at all. However, if the parties cannot resolve discovery disputes on their own and a motion to compel is filed seeking to strike "any remaining objections and compel[] full responses" to requests for documents, the party wishing to assert the protection of a privilege must make the trial court aware of this point of contention. It is well established that "[t]he burden of establishing the attorney-client privilege rests upon the claimant of the privilege." *Evans*, 142 N.C. App. at 32, 541 S.E.2d at 791. The claimant also bears the burden of establishing the applicability of work product immunity. *Id.* at 29, 541 S.E.2d at 789.

As discussed above, the Philippine Defendants' general objection on grounds of attorney-client privilege and work product immunity was insufficient to raise either protection. We find the next mention of privilege in the record on appeal in the documents which are attached to the 30 April 2010 "Plaintiffs' Motion to Compel Production of Documents from [the Philippine Defendants]." That mention is contained in a letter dated 9 January 2010, in which Plaintiffs' counsel Christopher V. Goodpastor states that the Philippine Defendants have promised to submit a privilege log that Plaintiffs will then review to determine whether any privilege claims will be accepted. This letter does not indicate that any such claims

have been accepted by Plaintiffs. The Philippine Defendants sent their first and admittedly incomplete privilege log to Plaintiffs on 11 January 2010. Counsel Goodpastor replied by letter dated 14 January 2010, noting that the privilege log provided did not contain sufficient information and Plaintiffs reserved the right to challenge the assertions of privilege. On 19 January 2010, counsel for the Philippine Defendants Bradley C. Friesen sent a new privilege log with additional information to Plaintiffs. By letter dated 13 April 2010, Goodpastor informed the Philippine Defendants that Plaintiffs needed still further information in order to evaluate any claims of privilege.[1] On 20 April 2010, counsel for the Philippine Defendants agreed to provide additional privilege log information, although no copy of any updated log was attached to Plaintiffs' motion.[2] Nothing in these attached documents or in the motion itself even suggests, much less shows, that Plaintiffs ever accepted the Philippine Defendants' assertion of privilege. Indeed, the motion to compel was very broad and sought to strike "any remaining objections and compel[] full responses" to Plaintiffs' requests for documents. (Emphasis added).

Despite the expansive nature of Plaintiffs' motion, the Philippine Defendants did not mention any privilege logs, submit the final, updated version of the log to the trial court, or request an *in camera* review of documents asserted to be privileged at the 17 May 2010 hearing on Plaintiffs' motion to compel. At that hearing, Plaintiffs' counsel focused much of his argument on whether the interlocutory appeal in *K2 I* served to stay further discovery and trial court proceedings pending an opinion from this Court. He then stated:

---

1. In their reply brief, the Philippine Defendants characterize this letter as a "meet and confer" letter, presumably referring to the requirements of N.C. Gen. Stat. § 1A-1, Rule 37(b), and assert that it "does not challenge any asserted privileges." However, the 13 April 2010 letter requests un-redacted copies of more than 30 specific documents or information regarding their status as privileged "so that we may evaluate your claim of privilege." The letter goes on to request legible copies of dozens of listed documents that appeared to have been superimposed on each other and complete copies of numerous incomplete documents. Nothing in the letter suggests that any privilege claims had been accepted by Plaintiffs.

2. The "final" updated version of the privilege log was apparently not submitted to the trial court until 21 June 2010 (after entry of the trial court's order to compel), when the Philippine Defendants attached it as an exhibit to their "Supplemental Response to Plaintiffs' Request for Production of Documents Pursuant to the June 15, 2010 Order on Plaintiffs' Motion to Compel Production from [the Philippine] Defendants." In their reply brief, the Philippine Defendants assert that a copy of an updated privilege log was submitted to the trial court at the hearing on the motion to compel. However, the hearing transcript reveals only that Friesen, counsel for the Philippine Defendants, tendered "part of our response to their, to Plaintiffs['] April

There were objections initially made regarding vagueness[,] over breadth [sic] and to some of the terms or definitions that we used to streamline the requests initially, but to their credit, counsel for [the Philippine] Defendants after, after several negotiations back and forth agreed to withdraw those objections based on some concessions we made. And so the same with the travel to North Carolina, those documents are requested by numbers, request numbers 8 through 10, 32, 33, 41 and 43. Again, vagueness[,] over breadth [sic] objections also withdrawn based upon negotiations between counsel.

*The only objection that remains, and it only remains for request numbers 2 through 4, and number 43, is they claim somehow the documents we're seeking don't relate to the issues of personal jurisdiction,* and for the reasons I've said before we believe they relate directly to the issues of personal jurisdiction. and for the reasons I've said before we believe they relate directly to the issues of personal jurisdiction.

(Emphasis added). In sum, according to Plaintiffs' counsel, the Philippine Defendants had withdrawn most of their objections, leaving only four remaining objections, each based on relevancy to the issue of personal jurisdiction, not privilege.

Counsel for the Philippine Defendants responded only briefly to Plaintiffs' counsel's remarks, first asserting a lack of personal jurisdiction as to the *K2 I* appellants and arguing that further proceedings were stayed pending the *K2 I* appeal. He went on to state that "it is our understanding that nothing has been withheld from production." Defense counsel did not dispute Plaintiffs' assertion that the Philippine Defendants had withdrawn all objections except those to request numbers 2 through 4, and number 43, nor did he mention privilege logs, attorney-client privilege, or work product doctrine. The privilege logs were not submitted for the trial court's review or consideration. In light of these facts, we conclude that the Philippine Defendants failed to assert claims of attorney-client privilege or work product immunity before the trial court. Having failed to "present[]

13th requests for additional documents." Nothing in the transcript or record suggests that this "response" was a privilege log. As discussed in the previous footnote, the 13 April letter from Plaintiffs' counsel made numerous requests for additional documents, legible copies of documents, and un-redacted versions of documents. Thus, we are unable to determine from the record before us whether the "response" which the Philippine Defendants provided to the trial court was an updated privilege log or some other requested document.

the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought[,]" the Philippine Defendants have failed to preserve the question of the effect of their privilege logs for appellate review. *Evans*, 142 N.C. App. at 25, 541 S.E.2d at 787; N.C. R. App. P. 10(b)(1).

Further, we note that, even if the incomplete and still-evolving privilege logs addressed in the correspondence attached to *Plaintiffs'* motion could be construed as an adequate assertion of privilege by the Philippine Defendants, their failure even to utter the word "privilege" or to make some reference to that legal principle at the hearing constitutes a failure to establish the privilege. *See Evans*, 142 N.C. App. at 29, 32, 541 S.E.2d at 789, 791. On this issue, the Philippine Defendants argue in their reply brief that the trial court erred in failing to conduct an *in camera* review of the documents listed in the privilege logs, to wit, "[t]he best explanation for why the trial court did not [conduct an *in camera* review] is that Plaintiffs had not challenged the Philippine Defendants' privilege assertions[.]" We conclude that an equally likely, if not more plausible, explanation is that the Philippine Defendants failed to (1) object to or take issue with Plaintiffs' assertion during the hearing on the motion to compel that the Philippine Defendants had withdrawn most of their objections, (2) argue the issue of privilege, or (3) ask the trial court to conduct an *in camera* review of the documents listed in the privilege logs and determine whether such documents were protected by the attorney-client privilege or work product doctrine. The Philippine Defendants' argument on appeal that they adequately asserted privilege protections to the disclosure of the documents at issue is overruled.

## C. Burden of Establishing Privilege

The Philippine Defendants also contend that Plaintiffs' motion to compel did not provide "fair notice" that Plaintiffs were contesting any claims of privilege because the motion did not specifically mention privilege. The Philippine Defendants also list various times at which Plaintiffs were "silent" regarding challenges to privilege assertions or failed to state an explicit challenge thereto. These arguments are unavailing because, as we have noted *supra, it was the Philippine Defendants who bore the burdens of asserting and then establishing the privilege, Evans*, 142 N.C. App. at 29, 32, 541 S.E.2d at 789, 791, burdens which they utterly failed to meet. A careful review of the record reveals that, before entry of the order to compel, the Philippine Defendants (1) never made specific objections or claims based on privilege in their responses to Plaintiffs' discovery requests;

(2) never alerted the trial court to the existence of the privilege logs or provided the court with copies thereof; and (3) never raised the issue of privilege at the hearing. In addition, Plaintiffs' motion to compel asked the trial court to strike or limit "any remaining objections and compel[] full responses" to Plaintiffs' requests. Simply put, the Philippine Defendants never made a proper assertion of privilege before the trial court, much less a showing to establish any privilege. Accordingly, we dismiss the appeal of the Philippine Defendants.

### D. 19 April 2010 Order to Compel Depositions

We also note that the *K2 I* Defendants, a subset of the Philippine Defendants, ask this Court to address the trial court's 19 April 2010 order compelling depositions. However, as noted above, on 11 March 2011, this Court issued an opinion dismissing the *K2 I* Defendants' appeal from that order as interlocutory and not affecting a substantial right of the *K2 I* appellants. *See K2 Asia Ventures*, ___ N.C. App. at ___, 708 S.E.2d at 112. Those matters having been previously determined by this Court, we do not address them here.

### IV. KKD Defendants' Appeal

[3] "[I]t is well established that orders regarding discovery matters are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion." *Evans*, 142 N.C. App. at 27, 541 S.E.2d at 788. Under this standard, an appellant can only prevail "upon a showing that [the] actions 'are manifestly unsupported by reason' " and " 'so arbitrary that [they] could not have been the result of a reasoned decision.' " *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

The KKD Defendants argue that the trial court abused its discretion in overruling the KKD Defendants' objections to Plaintiffs' request 3. We disagree.

The KKD Defendants first contend that, having made a written and specific objection to request 3 on the basis of attorney-client privilege and work product immunity, these "objections required the trial court to make specific findings" about whether the immunity and privilege applied. However, "[f]indings of fact and conclusions of law are necessary on decisions of any motion or order ex mero motu only when requested by a party . . . ." N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2009). Further,

[i]t has been repeatedly held by our Supreme Court that, "[w]hen the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the court on proper evidence found facts to support its judgment." *Estrada v. Burnham,* 316 N.C. 318, 324, 341 S.E.2d 538, 542 (1986); *Sherwood v. Sherwood,* 29 N.C. App. 112, 113-14, 223 S.E.2d 509, 510-11 (1976). Thus, it is within the trial judge's discretion whether to make findings of fact "if a party does not choose to compel a finding through the simple mechanism of so requesting." *Watkins v. Hellings,* 321 N.C. 78, 82, 361 S.E.2d 568, 571 (1987).

*Evans,* 142 N.C. App. at 27, 541 S.E.2d at 788. The KKD Defendants do not contend that they made any such request of the trial court, and thus, the trial court was not required to find facts or enter conclusions in support of its ruling.

The KKD Defendants next contend that "Plaintiffs never challenged [the KKD Defendants'] objections." The KKD Defendants assert that Plaintiffs' motion to compel did not specifically mention attorney-client privilege or work product immunity and that the parties never discussed these issues before the trial court's hearing on the motion to compel. We again note, however, that Plaintiffs' motion asked the trial court to strike or limit "*any remaining objections* and compel[] full responses" to Plaintiffs' requests. (Emphasis added.) Nonetheless, the KKD Defendants argue further that, because Plaintiffs did not specifically mention attorney-client privilege or work product immunity, the KKD Defendants did not present oral arguments on this issue, offer any evidence in support of their privilege and immunity claims, or submit any of the requested documents for *in camera* review.

As noted *supra,* the claimant bears the burdens of establishing both attorney-client privilege and the applicability of the work product doctrine. *Evans,* 142 N.C. App. at 29, 32, 541 S.E.2d at 789, 791. Here, the KKD Defendants acknowledge that they presented no proof and made no argument on either matter to the trial court. We believe that a trial court can hardly be said to have abused its discretion in ordering production of documents where the party bearing the burden to establish the validity of its objections failed to offer any evidence whatsoever in support of its claims. These arguments are overruled.

The order of the trial court requiring production of the documents covered by Plaintiffs' request 3 is affirmed.

Affirmed in part; dismissed in part.

Judges HUNTER, ROBERT C., and ERVIN concur.